

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| Vs. ) | No. 10 CR 805 |
| ) | |
| HELGA WEIS, ) | Honorable Elaine E. Bucklo, |
| ) | Judge presiding. |
| Defendant. ) | |

### PROTECTIVE ORDER

THIS MATTER COMING on to be heard upon motion of the Defendant, Helga Weis, and the Court being fully apprised of all premises herein,

IT IS HEREBY ORDERED as follows:

1. All materials produced by the Defendant in connection with and in preparation for her affirmative defense of coercion and/or involuntariness pursuant at any stage in the proceedings in this case, including but not limited to the psychological, psychosocial, and medical reports, witness statements, memoranda of interview, pictures, electronically store information, computer files, e-mail messages, or any other materials, remain the property of the Defendant. All materials produced by the Government to the Defendant in connection with any follow-up investigative report that touches and concerns her affirmative defense shall also be subject to this protective order, including but not limited to, psychological, psychosocial, and medical reports, witness statements, memoranda of interview, pictures, electronically store information, computer files, e-mail messages, or any other materials is collectively referred to in this Order as "Materials."

2. Upon conclusion of all stages of this case, all of the materials and all copies made thereof, shall be destroyed or returned to the defendant or her counsel, unless otherwise ordered by the Court.

3. The Court may require a certification as to the disposition of any such materials.

4. The Government, its counsel or its employees solely in connection with the Affirmative Defense may utilize all of the materials in this case and for no other purpose. Such Government employees shall be

deemed "Authorized Persons."

5. The Materials shall not be copied or reproduced by Government's counsel either directly or indirectly unless they are copied for use by Authorized Persons to assist in the preparation for trial, and in that event, such copies and reproductions must be treated in the same manner as the original Materials.

6. Before providing the Materials to an Authorized Person, Government's counsel must provide the Authorized Person with a copy of this Order and require the Authorized Person to sign a statement that represents that the Authorized Person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defendant's counsel shall maintain a copy of the signed statement of each Authorized Person for a period of twelve months after the conclusion of all stages of this case, and shall make the signed statements of each Authorized Person available to the United States upon request.

7. To the extent any material is produced to the Government by mistake, the Defendant and or her counsel, with respect to materials produced pursuant to the Court Order, shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the Government and Government's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that the returned material and all copies of such material have been deleted permanently from any location in which the material was stored.

8. By virtue of the provisions of this Order, the Defendant shall be deemed to have taken adequate and appropriate measures to protect against inappropriate or unlawful disclosure of any personally identifiable information, or other information of any kind. Neither the Government nor the Defendant shall be subject to liability of any sort for complying with Defendant's discovery requests or orders of court.

9. The restrictions set forth in this Order do not apply to documents that are or become public court record.

10. This Order may be modified by agreement of the parties with permission of the Court or by further order of the Court.

11. Intentional violation of this Order is punishable as contempt, and may result in the imposition of civil

or criminal sanctions. However, nothing contained in this Order shall preclude the parties from applying to the Court for further relief or for modification of any provision hereof.

DATE: 1/17/12

ENTER: _Elaine E. Bucklo_
JUDGE ELAINE E. BUCKLO

Gerardo S. Gutierrez, Esq.
Attorney at Law
53 W. Jackson Blvd. Ste. 1651
Chicago, IL 60604
(312) 786-9970
Attorney for Ms. Weis